## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OKLAHOMA

UNITED STATES OF AMERICA,

               **Plaintiff,**

v.

NAVIN KHANNA,
a/k/a "Lovin,"
a/k/a "Logan,"

               **Defendant.**

Case No. 22-CR-348-SEH

## Plea Agreement

The United States of America, by and through Clinton J. Johnson, United States Attorney for the Northern District of Oklahoma, and Reagan V. Reininger, Assistant United States Attorney, and the defendant, NAVIN KHANNA, in person and through counsel, Justin Lollman, respectfully inform the Court that they have reached the following plea agreement.

### 1.  Plea

The defendant agrees to enter voluntary pleas of guilty to the following:

**COUNT ONE: 18 U.S.C. §§ 371 and 2 – Conspiracy**

**COUNTS TWENTY-FOUR through TWENTY-EIGHT: 18 U.S.C. § 1957(a) – Engaging in Monetary Transactions in Property Derived from Specified Unlawful Activity**

Defendant's Initials

as set forth in the Indictment in the instant case, Northern District of Oklahoma, and admits to being in fact guilty as charged in the counts to which the defendant is pleading guilty.

## 2.    **Waiver of Constitutional Rights**

The defendant understands that, by pleading guilty, the following constitutional rights will be relinquished:

    a.  the right to be indicted if proceeding by Information;

    b.  the right to plead not guilty;

    c.  the right to be tried by a jury, or, with the consent of the government, to be tried by a judge;

    d.  the right to an attorney at trial, including a court-appointed attorney if the defendant could not afford an attorney;

    e.  the right to assist in the selection of the jury;

    f.  the right to be presumed innocent, and to have the jury instructed that the government bears the burden to prove the defendant guilty beyond a reasonable doubt and by a unanimous verdict;

    g.  the right to confront and cross-examine witnesses against the defendant;

    h.  the right to testify on their own behalf and present witnesses in their defense;

    i.  the right not to testify, and to have the jury instructed that the decision not to testify could not be used against the defendant;

    j.  the right to appeal a guilty verdict to determine if any errors had been committed during trial that would require either a new trial or a dismissal of the charges;

Defendant's Initials

k. the right to have a jury determine beyond a reasonable doubt any facts that could increase any mandatory minimum or maximum sentence; and

l. any rights and defenses under the Excessive Fines Clause of the Eighth Amendment to the United States Constitution to the forfeiture of property in this proceeding or any related civil proceeding, special or other assessment, and any order of restitution.

By pleading guilty, the defendant will be giving up all of these rights. By pleading guilty, the defendant understands that they may have to answer questions posed by the Court, both about the rights that the defendant will be giving up and the factual basis for the defendant's plea.

## 3.    **Appellate and Post-Conviction Waiver**

In consideration of the promises and concessions made by the government in this plea agreement, the defendant knowingly and voluntarily agrees to the following terms:

a. The defendant waives rights under 28 U.S.C. § 1291 and/or 18 U.S.C. § 3742(a) to directly appeal the conviction and sentence, including any fine, assessment, forfeiture, restitution order, term or condition of supervised release, or sentence imposed upon a revocation of supervised release; except that the defendant reserves the right to appeal from a sentence that exceeds the statutory maximum;

b. The defendant expressly acknowledges and agrees that the government reserves all rights to appeal the sentence;

c. The defendant waives the right to appeal from the district court's denial of any post-conviction motion to reduce the term of supervised release or probation under 18 U.S.C. §§ 3583(e)(1) or 3564(c); and

d. The defendant waives the right to collaterally attack the conviction and sentence under 28 U.S.C. §§ 2241, 2255, or any other extraordinary writ, except for claims of ineffective assistance of counsel.

3

Defendant's Initials

The defendant expressly acknowledges that counsel has explained his appellate and post-conviction rights; that the defendant understands his rights; and that the defendant knowingly and voluntarily waives those rights as set forth above.

_____
NAVIN KHANNA

**4.     Departure Waiver**

In consideration of the promises and concessions made by the government in this plea agreement, the defendant knowingly and voluntarily agrees not to request, recommend, or file a sentencing memorandum or departure motion seeking a sentence below the applicable Guidelines range.

**5.     Freedom of Information Act Waiver**

The defendant waives all rights, whether asserted directly or by a representative, to request or to receive from any department or agency of the United States any records pertaining to the investigation or prosecution of this case including, without limitation, any records that may be sought under the Freedom of Information Act, 5 U.S.C. § 552, or the Privacy Act of 1974, 5 U.S.C. § 552a.

**6.     Rule 11 Rights Waiver**

The defendant knowingly and expressly waives all the rights afforded under Rule 11(f) of the Federal Rules of Criminal Procedure. Therefore, in any subsequent proceeding, including a criminal trial, the following shall be admissible against the defendant under Rule 801(d)(2)(A) of the Federal Rules of Evidence:

Revised 05-21-24

4

Defendant's Initials

a.  A guilty plea which is later withdrawn or that the defendant seeks to withdraw;

b.  The facts that the defendant has admitted under this plea agreement, as well as any facts to which the defendant admits in open court at the plea hearing, and any statement made in any proceeding under Rule 11 regarding this plea agreement; and

c.  Any statement made during plea discussions with an attorney or agent for the government, or that were made pursuant to a proffer letter agreement, that resulted in a plea of guilty that is later withdrawn.

## 7.    **Payment of Monetary Penalties**

a. *Enforcement*

1)  The defendant waives any defense or objection to any action to enforce the collection of financial obligations to be imposed in connection with this prosecution, including, but not limited to, collection procedures authorized by the Federal Debt Collection Procedures Act, 28 U.S.C. § 3001, et seq., 18 U.S.C. § 3664, or 18 U.S.C. § 3613.

2)  The defendant understands and agrees that under 18 U.S.C. § 3613 any monetary penalties or restitution imposed by the Court will be due and payable immediately and subject to immediate enforcement by the United States. If the Court imposes a schedule of payments, the defendant agrees that the schedule is a minimum schedule of payments and not the only method, nor a limitation on the methods, available to the United States to enforce the judgment.

3)  The defendant waives any requirement for demand of payment on any fine, restitution, or assessment imposed by the Court.

4)  The defendant agrees that any unpaid obligations will be submitted to the United States Treasury for offset, so that any federal payment or transfer of returned property the defendant receives may be applied to federal debts and will not be limited by a payment schedule.

5)  The defendant agrees that any restitution debt may not be discharged in any bankruptcy proceeding.

Revised 05-21-24

Defendant's Initials

b. *Disclosure of Financial Information*

    1)  The defendant agrees to provide complete information regarding all victims potentially entitled to restitution.

    2)  The defendant agrees to provide truthful and complete financial information, as requested by the United States Probation Office for the preparation of the presentence report.

    3)  The defendant agrees to complete, under penalty of perjury, the required financial statement form not later than two weeks after the defendant enters a guilty plea. The defendant agrees to update any material changes in circumstances, as described in 18 U.S.C. § 3664(k), within seven days of the event giving rise to the changed circumstances.

    4)  The defendant agrees to submit, before and after sentencing, to depositions and interviews regarding the defendant's financial status, as deemed necessary by the United States Attorney's Office.

    5)  The defendant authorizes the United States Attorney's Office to obtain the defendant's credit report. The defendant also agrees to provide waivers, consents, or releases, valid for 120 days after sentencing, to allow the U.S. Attorney's Office to access records to verify financial information.

    6)  The defendant authorizes the United States Attorney's Office to inspect and copy all financial documents and information held by the U.S. Probation Office.

    7)  The defendant's failure to timely and accurately complete and sign the financial statement, and any necessary updates, may, in addition to any other penalty or remedy, constitute a failure to accept responsibility under U.S.S.G § 3E1.1.

## 8.    Forfeiture Agreement

The defendant agrees to forfeit, pursuant to 18 U.S.C. § 981(a)(1)(C), 18 U.S.C. § 982(a)(1), and 28 U.S.C. § 2461, the property constituting or derived from proceeds

6

Defendant's Initials

traceable to the offenses, and the property, used or intended to be used, to commit or to promote the commission of such offenses, including but not limited to:

**CURRENCY**

1. All foreign currency seized from 3 Bucks Mill Lane, Holmdel, New Jersey, on or about November 2, 2022;

2. $1,062,199 in United States currency seized, seized from 3 Bucks Mill Lane, Holmdel, New Jersey, on or about November 2, 2022;

3. $500,000 in United States currency seized at Tulsa International Airport, on or about May 3, 2022;

4. $1,129,000 in United States currency seized from a traffic stop on E. Hwy 60, Wynadotte, Oklahoma, on or about May 8, 2022;

5. $1,075,000 in United States currency seized on or about May 11, 2022;

6. $20,000 in United States currency seized from 242 Monmouth, Blacey's U-Pick Auto Parts, on or about November 2, 2022;

7. $30,116 in United States currency seized from 242 Monmouth, Blacey's U-Pick Auto Parts, on or about November 2, 2022;

8. $29,877 in United States currency seized from 242 Monmouth, DG Auto Parts, on or about November 2, 2022;

9. Approximately $16,356 in U.S. Currency seized from 220 Stokes Avenue, Ewing Township, New Jersey, on or about March 20, 2024;

10. Approximately $11,675 in U.S. Currency seized from 6796 Essington Ave., Philadelphia, Pennsylvania, on or about March 20, 2024;

**VEHICLES**

11. 2017 Lamborghini Huracan Convertible, VIN ZHWUR1ZF2HLA06147;[1]

---

[1] This vehicle was forfeited as part of the criminal case 23-CR-041 out of EDVA on August 20, 2024.

Revised 05-21-24

Defendant's Initials

12. 2021 Mercedes Benz G63 AMG, VIN W1NYC7HJ1MX371237;[2]

13. 2019 Ferrari 488 Pista, VIN ZFF90HLA6K0241124;[3]

14. 2021 McLaren 765 LT Coupe, VIN SBM14RCA1MW765598;[4]

15. 2021 Jeep Gladiator, VIN 1C6HJTAG9ML569941;[5]

16. 2022 Mercedes Benz AMG GLE 53, VIN 4JGFD6BB1NA789319;

17. 2016 Porsche Cayman GT4, VIN WP0AC2A82GK191690;

18. 2023 Ford F650 Truck, VIN FDNF6AN8PDF00K763;

19. 2018 Ferrari 812 Coupe, VIN ZFF83CLAXJ0237484;

20. 2021 BMW M3 Coupe, VIN WBS43AY06NFN22745;

21. 2021 Tesla Model 3, VIN 5YJ3E1EB5MF862409;

**BANK ACCOUNTS**

22. Approximately $654,413.32 seized from Truist Bank Acct # 1310003465562, in the name of 242 Monmouth Road Corp. DBA Blacey's Auto Parts, on or about December 23, 2022;

23. Approximately $21,100.56 seized from Bank of America Acct #381069260940, in the name of 3D Auto Corp., on or about March 20, 2024;

24. Approximately $40,754.30 seized from Bank of America Acct # 381056687170, in the name of RECYCLEALLMETALS, LLC, on or about March 20, 2024;

---

[2] *Id.*
[3] *Id,*
[4] *Id.*
[5] *Id.*

8

Defendant's Initials

25. Approximately $945.86 seized from Bank of America Acct # 381059917818, in the name of RECYCLEALLMETALS, LLC, on or about March 20, 2024;

26. Approximately $12,148.44 seized from Investors Acct. # 1808534, in the name of DG Auto Parts, LLC, on or about November 2, 2022;

27. Approximately $19,971.56 seized from Citizen Bank (formerly Investors Bank) Acct # 1808534, in the name of DG Auto Parts, LLC, on or about March 27, 2023;

28. Approximately $8,409.78 seized from Investors Acct. # 1001906426, on or about November 2, 2022;

29. Approximately $241.80 seized from Investors Acct. # 1001915510, in the name of DG Auto Parts, LLC, on or about November 2, 2022;

30. Approximately $13,168.21 seized from Wells Fargo Acct # 3219351644, on or about November 2, 2022;

31. Approximately $30,052.35 seized from Robinhood Investment Acct. # 122315385, on or about November 2, 2022;

32. Approximately $398.42 seized from TD Ameritrade Acct. # 490-073668, on or about November 2, 2022;

## JEWELRY

33. A silver bracelet with clear stones in a Louis Vuitton bag, seized from 3 Bucks Mill Lane, Holmdel, New Jersey on November 2, 2022;

34. A silver and orange Hermes bracelet, item no. ZG3203FB175, seized from 3 Bucks Mill Lane, Holmdel, New Jersey on November 2, 2022;

35. A pair of silver earrings with clear stones, seized from 3 Bucks Mill Lane, Holmdel, New Jersey on November 2, 2022;

36. A rose gold, round edge bracelet with clear stones, seized from 3 Bucks Mill Lane, Holmdel, New Jersey on November 2, 2022;

9

Defendant's Initials

37. A Rolex Oyster Perpetual Date Adjust watch, model no. 126610LN, serial no. 1CU40202, seized from 3 Bucks Mill Lane, Holmdel, New Jersey on November 2, 2022;

38. Two yellow bracelets with clear stones in a red box, seized from 3 Bucks Mill Lane, Holmdel, New Jersey on November 2, 2022;

39. A rose gold metal ring with red and clear stones, seized from 3 Bucks Mill Lane, Holmdel, New Jersey on November 2, 2022;

40. A Marc Ecko watch with silver band, model no. E10561G1, serial no. 00-829-1972, seized from 3 Bucks Mill Lane, Holmdel, New Jersey on November 2, 2022;

41. A Rolex watch with red and blue detail, seized from 3 Bucks Mill Lane, Holmdel, New Jersey on November 2, 2022;

42. A Rolex watch with black and gold detail, seized from 3 Bucks Mill Lane, Holmdel, New Jersey on November 2, 2022;

43. A Patek Philipe watch, seized from 3 Bucks Mill Lane, Holmdel, New Jersey on November 2, 2022;

44. A gold Rolex watch, seized from 3 Bucks Mill Lane, Holmdel, New Jersey on November 2, 2022;

45. A Hublot watch, seized from 3 Bucks Mill Lane, Holmdel, New Jersey on November 2, 2022;

46. A Rolex watch with black and silver detail, seized from 3 Bucks Mill Lane, Holmdel, New Jersey on November 2, 2022;

47. A blue Bentley Motors by Breitling watch, model no. A25363, seized from 3 Bucks Mill Lane, Holmdel, New Jersey on November 2, 2022;

**PERSONAL PROPERTY**

Revised 05-21-24

Defendant's Initials

48. Seventeen (17) loose clear stones, seized from 3 Bucks Mill Lane, Holmdel, New Jersey on November 2, 2022;

49. Thirteen (13) gold bars, seized from 3 Bucks Mill Lane, Holmdel, New Jersey on November 2, 2022;

## CATALYTIC CONVERTERS AND PRECIOUS METALS

50. Approximately 82 pallets of catalytic converters, seized from 242 Monmouth Road, Wrightstown, New Jersey on November 2, 2022;

51. Approximately 5 pallets of catalytic converters, seized from 523-527 Okerson Road, Freehold, NJ on November 2, 2022;

52. Approximately 102 pallets of catalytic converters, seized from 109 Connecticut Drive, Burlington, New Jersey on November 2, 2022;

53. Approximately 32 pallets of precious metals, seized from 109 Connecticut Drive, Burlington, New Jersey on November 2, 2022;

54. Approximately 11 boxes of catalytic converters, seized from 242 Monmouth Road, Wrightstown, New Jersey on November 2, 2022;

55. Approximately 2 catalytic converters, seized from 242 Monmouth Road, Wrightstown, New Jersey on November 2, 2022;

56. Approximately 4 catalytic converters, seized from 3 Bucks Mill Lane, Holmdel, New Jersey;

## REAL ESTATE AND DEBT INSTRUMENTS

57. All that certain lot, tract, or parcel of land, with buildings and improvements thereon erected, situated, lying and being in the Township of Holmdel, County of Monmouth, State of New Jersey, known as 3 Bucks Mill Lane, Holmdel, New Jersey, 07733-1756;

58. All that certain lot, tract, or parcel of land, with buildings and improvements thereon erected, situated, lying and being in the County of Burlington, State of New Jersey, known as 242 Monmouth Road, Wrightstown, New Jersey, 08562-2250; and

Revised 05-21-24

Defendant's Initials

59. All that certain lot, tract, or parcel of land, with buildings and improvements thereon erected, situated, lying and being in the County of Monmouth, State of New Jersey, known as 18 Hanover Drive, Manalapan, New Jersey, 07726-3615.

60. All that certain lot, tract, or parcel of land, with buildings and improvements thereon erected, situated, lying and being in the County Monmouth, State New Jersey, known as 18 Fisher Avenue, Neptune, New Jersey, APN: 35-00509-0000-00016; and

61. A Note secured by a Mortgage dated March 18, 2021, and filed in the County of Monmouth, New Jersey on April 1, 2021 (Book: OR-9497, Page: 1110) in the amount of $1,700,000, secured by real property located at 3 Bucks Mill Lane, Holmdel, New Jersey, APN: 20-00030-0000-0021-03.

Defendant agrees to take all steps as requested by the forfeiting authority to pass clear title to forfeitable assets, including, but not limited to, the execution of a consent decree of forfeiture and the completion of any other legal documents required for the transfer of title.

Defendant agrees that the forfeited property is subject to seizure and forfeiture by the United States, and that no defense exists to the seizure and forfeiture of this property by the United States. As such, defendant hereby relinquishes all claim, title, and interest in the above-referenced property to the United States and agrees not to oppose any civil, administrative, or judicial forfeiture of the property.

Defendant waives any and all interest in the above property and consents to their forfeiture by whatever process the government chooses. Defendant agrees that the government may use this waiver and consent in any administrative or judicial

Revised 05-21-24

Defendant's Initials

forfeiture proceeding, whether criminal or civil, state, local or federal.  If defendant has filed a claim to the above-mentioned assets in any administrative or judicial forfeiture process, including in Northern District of Oklahoma Case No. 23-CV-223-SEH, defendant hereby agrees to withdraw it.  Defendant further agrees not to file a claim, on behalf of himself and/or on behalf of DG Auto LLC, DG Auto Parts, LLC and DG Auto South LLC, to the above identified assets or properties in any future forfeiture proceeding of whatever type.  In the event that the law enforcement agency having custody of the property decides not to pursue forfeiture of any of the seized property, defendant hereby abandons any interest in such property and consents to its destruction by, and/or abandonment to, the law enforcement agency.

The defendant understands that forfeiture is part of the sentence that will be imposed in this case and waives any failure by the Court to advise defendant of this, pursuant to Rule 11(b)(1)(J), at the time defendant's guilty plea is accepted.  The defendant further understands, pursuant to Rule 32.2(b)(4)(A), that the order of forfeiture will become final as to the defendant upon entry.  The defendant waives notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment.  The defendant also waives all constitutional and statutory challenges in any manner (including direct appeal, habeas corpus, or any other means) to any forfeiture carried out in accordance with this plea agreement on any grounds, including that the forfeiture constitutes an excessive fine or punishment.

Revised 05-21-24

Defendant's Initials

The defendant agrees to forfeit substitute property, up to the value of the property described above, if, by any act or omission of the defendant, the property described above, or any portion thereof, cannot be located upon the exercise of due diligence; has been transferred or sold to, or deposited with, a third party; has been placed beyond the jurisdiction of the court; has been substantially diminished in value; or has been commingled with other property which cannot be divided without difficulty.

**9.    Special Assessment**

a. The defendant hereby agrees to pay the total Special Monetary Assessment ($100 per felony count) to the United States District Court Clerk at or before sentencing or as otherwise directed by the District Court.

**10.    Factual Basis and Elements**

The elements that the United States must prove beyond a reasonable doubt in order to convict under 18 U.S.C. §§ 371 are as follows:

a. The defendant agreed with at least one other person to violate the law;

b. One of the conspirators engaged in at least one overt act furthering the conspiracy's objective;

c. The defendant knew the essential objective of the conspiracy;

d. The defendant knowingly and voluntarily participated in the conspiracy; and

e. There was interdependence among the members of the conspiracy; that is, the members, in some way or manner, intended to act together for their shared mutual benefit.

14

Defendant's Initials

To convict defendant under 18 U.S.C. § 2(a), the government must prove the following elements beyond a reasonable doubt:

    a. Every element of the charged crime was committed by someone other than the defendant; and

    b. The defendant intentionally associated himself in some way with the crime and intentionally participated in it as he would in something he wished to bring about.

To convict defendant under 18 U.S.C. § 1957(a), the government must prove the following elements beyond a reasonable doubt:

    a. The defendant knowingly engaged in a monetary transaction;

    b. The monetary transaction was of a value greater than $10,000;

    c. The monetary transaction involved criminally derived property;

    d. Criminally derived property was derived from specific unlawful activity;

    e. The defendant knew the property was derived from unlawful activity; and

    f. The monetary transaction took place within the United States

With regard to the factual basis required by Federal Rule of Criminal Procedure 11(b)(3), the defendant agrees and stipulates that there is a factual basis for the plea of guilty and relieves the United States of any further obligation to adduce such evidence.

The defendant, NAVIN KHANNA, admits to knowingly, willfully and intentionally committing or causing to be committed the acts constituting the crimes

Revised 05-21-24

Defendant's Initials

alleged in Counts One and Twenty-Four through Twenty-Eight in the instant case,

and confesses to the Court that the defendant is, in fact, guilty of such crimes.

> Thieves steal catalytic converters from vehicles for the precious metals they contain, which may be more valuable per ounce than gold. Catalytic converter theft has become popular across the nation because of their value, relative ease to steal, and their lack of identifying markings.

> DG Auto Parts LLC ("DG AUTO") was a criminal enterprise that received bulk shipments of stolen catalytic converters from its affiliates across the nation. From at least May 2020 through October 2022, I operated DG AUTO and conspired, confederated, and agreed with others to purchase and transport stolen catalytic converters from Oklahoma, Texas, and other states to the state of New Jersey. In doing so, I worked with intermediate buyers of stolen catalytic converters.

> These intermediate buyers included:

> - Capital Cores Corp., located in New York and operated by Adam Sharkey;

> - Curtis Cores, LLC, located in Oklahoma and operated by Tyler Curtis;

> - M&M Core Buying, located in Leila Lake, Texas, and operated by Martynas Macerauskas and Kristina Mckay Macerauskas;

> - Green County Auto Core, located in Kansas, Oklahoma, and operated by Dave Edwards;

> - Kottens Cores and Catalytic Converters, located in St. Paul, Minnesota, and operated by John Kotten, and

> - Vang Auto, located in Sacramento, California, and operated by Tou Sue Vang, Andrew Vang, and Monica Moua.

> Each of these businesses purchased catalytic converters from individuals, many of whom did not have a scrap yard or valid business license. There was no way to verify the source of the catalytic

16

Defendant's Initials

converters – that is to determine if any were legitimately possessed by the sellers. I purchased catalytic converters from these intermediate buyers, who then packaged and shipped these catalytic converters across state lines to DG AUTO in New Jersey. For example, Curtis Cores often used ABF Freight to ship the catalytic converters from Tulsa, Oklahoma, in the Northern District of Oklahoma. At times, I paid for this shipping.

I believe most of the catalytic converters I purchased were stolen. This is based on the new condition of many of the catalytic converters, the fact that many were cut out of the exhaust system of vehicles, and that many of these catalytic converters came from the same model of vehicle.

After purchasing these catalytic converters, I resold most of them to Dowa Metals & Mining, a metal refinery, which would then extract the powdered precious metals. From May 2020 through October 2022, Dowa Metals & Mining wired over 600 million dollars to accounts controlled by me for purchases made from DG AUTO.

Through DG AUTO, I paid millions of dollars to intermediate catalytic convert buyers, in the form of bulk cash and/or wired funds. This money was both to pay these intermediate buyers for stolen catalytic converters and to provide these intermediate buyers with funds to purchase more stolen catalytic converters, thereby promoting the carrying on of the unlawful activity. These stolen catalytic converters were then shipped from other states to New Jersey.

I knew the money paid to intermediate catalytic convert buyers represented the proceeds from the sale of stolen catalytic converters, a violation of 18 U.S.C. § 2315. I sent these proceeds in cash in part to conceal and disguise the nature, the location, the source, the ownership, and the control of the proceeds of this unlawful activity.

From March 2021 through October 2022, I directed wire transfers, on behalf of DG AUTO to the following:

- Over 54 million dollars to Capital Cores;

- Over 16 million dollars to Curtis Cores; including:

    o $499,985 on 3/18/2022;

Revised 05-21-24

Defendant's Initials

- o  $649,985 on 5/16/2022;

- o  $399,985 on 6/1/2022;

- o  $349,985 on 8/1/2022; and

- o   $749,985 on 8/17/2022;

- Over 6 million dollars to M&M Core Buying;

- Over 2 million dollars to Green Country Auto Core;

- Over 2 million dollars to Kotten Cores and Catalytic Converters; and

- Over 38 million dollars to Vang Auto, totaling over 118 million dollars.

_____
NAVIN KHANNA
Defendant

7/21/25
Date

## 11.    **Further Prosecution**

The United States shall not initiate additional criminal charges against the defendant in the Northern District of Oklahoma that, as of the date of the defendant's acceptance of this agreement, arise from its investigation of the defendant's actions and conduct giving rise to the instant Indictment. The defendant understands, however, that this obligation is subject to all "Limitations" set forth below, and that the United States Attorney's Office for the Northern District of Oklahoma is free to prosecute the defendant for any illegal conduct (*i.e.*, violation of federal criminal laws) not discovered by or revealed to the government before the date of this agreement or occurring after the date of this agreement.

Revised 05-21-24

Defendant's Initials

## 12.    Dismissal of Remaining Counts

If the Court finds the defendant's pleas of guilty to be freely and voluntarily made and accepts the pleas, then the United States will move, at the appropriate time, to dismiss the remaining counts in the instant case, if any, as to this defendant.

If the defendant's guilty pleas are rejected, withdrawn, vacated, or reversed at any time, any charges that have been dismissed may be reinstated or re-presented to a grand jury, and the government will be free to prosecute the defendant for all charges. Under these circumstances, the defendant waives any right to argue that the Double Jeopardy clause bars the defendant's federal prosecution, as well as any objections, motions, or defenses based upon the applicable statute of limitations, the Speedy Trial Act, or constitutional restrictions as to the timeliness of any renewed charges.

## 13.    Acceptance of Responsibility

Provided the defendant clearly demonstrates acceptance of responsibility, the government agrees to recommend a two-level reduction in offense level pursuant to U.S.S.G. § 3E1.1. The government agrees to file a motion recommending that the Court grant an additional one-level reduction under U.S.S.G. § 3E1.1(b), if the defendant's Guidelines offense level qualifies him for such a reduction. The sentencing judge is in a unique position to evaluate the acceptance of responsibility, and the Court will ultimately decide whether to apply any § 3E1.1 reduction for timely acceptance of responsibility.

Revised 05-21-24

Defendant's Initials

Any agreement to recommend an acceptance-of-responsibility reduction is contingent upon the defendant's continuing manifestation of acceptance of responsibility as determined by the government. If the defendant (1) falsely denies, or makes conflicting statements as to, his involvement in the crimes to which he is pleading, (2) falsely denies or frivolously contests conduct that the Court determines to be relevant conduct as defined in USSG § 1B1.3, (3) willfully obstructs or attempts to obstruct or impede the administration of justice as defined in USSG § 3C1.1, (4) perpetrates or attempts to perpetrate crimes while awaiting sentencing, or (5) advances false or frivolous issues in mitigation, the government expressly reserves the right to withdraw any recommendation regarding acceptance of responsibility without breaching the agreement.

**14.** **Sentence**

a. *Imprisonment*

The defendant acknowledges that under 18 U.S.C. § 371 the maximum statutory sentence is five years of imprisonment, and a fine of not more than $250,000 or twice the gross pecuniary gain or loss caused by the defendant's acts.

The defendant acknowledges that under 18 U.S.C. § 1957(a) the maximum statutory sentence is 10 years of imprisonment per count, and a fine of not more than the greatest of $250,000 or twice the amount of the criminally derived property involved in the transaction, per count.

20

Revised 05-21-24

Defendant's Initials

b. *Supervised Release*

Additionally, the defendant is aware, if imprisonment is imposed, that the Court may include as part of the sentence a requirement that the defendant be placed on a term of supervised release after imprisonment not to exceed three years for the conviction of 18 U.S.C. § 371 and not more than three years per count for the conviction of 18 U.S.C. § 1957(a). Violation of any condition of supervised release may result in revocation, or modification of the conditions, of supervised release, which may in turn result in additional incarceration consistent with 18 U.S.C. § 3583(e).

c. *Guidelines*

The defendant is aware that the Sentencing Guidelines are advisory. The Court, while not bound to apply the Sentencing Guidelines, must consult those Guidelines and take them into account when sentencing.

The defendant is further aware that the Court determines the sentence, that the Court has not yet done so, and that any estimate of the sentence – received from any source – is a prediction, not a promise. Regardless of any estimate the defendant has received, the Court has discretion to impose any sentence up to and including the statutory maximum.

15. <u>**Stipulations**</u>

The parties agree that the crimes charged in the Eastern District of California constitute relevant conduct for the crimes charged in this case; furthermore, the

Revised 05-21-24

Defendant's Initials

crimes charged in this case constitute relevant conduct for the crimes charged in the Eastern District of California.

The United States agrees to recommend a Sentencing Guideline offense level of 35 that will likely result in a sentencing range 168 to 210 months.

The parties agree that the sentence in this case should run concurrent with any sentence to be imposed in Eastern District of California Case No. 22-CR-213-KJM.

The defendant agrees to waive venue for purposes of sentencing. The parties agree and stipulate that this case should be transferred for sentencing to the District Judge assigned to Eastern District of California Case No. 22-CR-213-KJM. The parties agree to take all steps necessary to effectuate the agreed-to transfer.

The defendant and the United States agree and stipulate that it is understood that neither the Court nor the United States Probation Office is bound by the foregoing stipulations, either as to questions of fact or as to determination of the correct advisory sentencing guideline calculation.

Having been fully apprised by defense counsel of the right to seek compensation pursuant to Public Law 105-119, the defendant **WAIVES** any and all such right, and stipulates that defendant is not a "prevailing party" in connection with this case.

**16.   <u>Limitations</u>**

This plea agreement shall be binding and enforceable upon the Office of the United States Attorney for the Northern District of Oklahoma, but in no way limits, binds or otherwise affects the rights, powers, duties or obligations of any state or

Revised 05-21-24

Defendant's Initials

local law enforcement agency, administrative or regulatory authorities, civil or administrative enforcement, collection, bankruptcy, adversary proceedings or suits which have been or may be filed by any governmental entity, including without limitation, the Internal Revenue Service, the Tax Division of the Department of Justice and the trustee in bankruptcy.

**17.** **Breach of Agreement**

In the event either party believes the other has failed to fulfill any obligations under this agreement, then the complaining party shall, in its discretion, have the option of petitioning the Court to be relieved of its obligations herein. The Court shall determine whether a party has completely fulfilled all its obligations under this agreement in an appropriate proceeding at which any disclosures and documents provided by either party shall be admissible and at which the complaining party shall be required to establish any breach by a preponderance of the evidence. If the Court determines that the defendant has breached the plea agreement, the government may declare this agreement null and void, and the defendant will be subject to prosecution for any criminal violation, including but not limited to any crimes or offenses contained in or relating to the charges in this case, as well as false statement, obstruction of justice, or any other crime committed by the defendant during this prosecution.

The defendant hereby **WAIVES** any right under Rule 11(d) and (e) of the Federal Rules of Criminal Procedure to withdraw from the guilty plea or this agreement, save

Revised 05-21-24

Defendant's Initials

and except if the Court determines that the government has breached the plea agreement as set forth above. If NAVIN KHANNA, after entry of a plea of guilty, unsuccessfully attempts to withdraw that guilty plea, the government may continue to enforce the agreement but will no longer be bound by any particular provision in this agreement, unless the Court determines that the government acted in bad faith to bring about the attempted plea withdrawal.

**18.**    **Conclusion**

No agreements, representations or understandings have been made between the parties in this case, other than those which are explicitly set forth in this plea agreement and the Plea Agreement Supplement that the United States will file in this case (as it does in every case, even if there are no additional terms) and none will be entered into unless executed in writing and signed by all of the parties.

SO AGREED:

CLINTON J. JOHNSON
UNITED STATES ATTORNEY

REAGAN V. REININGER
Assistant United States Attorney

7/21/25
Dated

JUSTIN LOLLMAN
Attorney for Defendant

7-21-25
Dated

24

Revised 05-21-24

Defendant's Initials

_____
NAVIN KHANNA
Defendant

7/21/25
_____
Dated

_____
Defendant's Initials

I have read this agreement and carefully reviewed every part of it with my attorney. I understand it, and I voluntarily agree to it. Further, I have consulted with my attorney and fully understand my rights with respect to sentencing which may apply to my case. No other promises or inducements have been made to me, other than those contained in this pleading. In addition, no one has threatened or forced me in any way to enter into this agreement. Finally, I am satisfied with the representation of my attorney in this matter.

_____
NAVIN KHANNA
Defendant

_____7/21/25_____
Dated

I am counsel for the defendant in this case. I have fully explained to the defendant the defendant's rights with respect to the pending Indictment. Further, I have reviewed the provisions of the Sentencing Guidelines and Policy Statements and I have fully explained to the defendant the provisions of those Guidelines which may apply in this case. I have carefully reviewed every part of this plea agreement with the defendant. To my knowledge, the defendant's decision to enter into this agreement is an informed and voluntary one.

_____
JUSTIN LOLLMAN
Counsel for the Defendant

_____7-21-25_____
Dated

Revised 05-21-24

Defendant's Initials